UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACHARY T. ALLEN,<br><br>                Petitioner,<br><br>v.<br><br>JAY CHRISTENSEN,<br><br>                Respondent. | Case No. 1:20-cv-00217-CWD<br><br>**INITIAL REVIEW ORDER** |

Petitioner Zachary T. Allen has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. *See* Dkt. 1. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons that follow, Petitioner must file a supplement to the Petition if he intends to proceed.

## REVIEW OF PETITION

1.  **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is

appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

## 2. Background

In the Seventh Judicial District Court in Bonneville County, Idaho, Petitioner entered an *Alford* plea[1] to felony forgery. The judgment of conviction was entered on April 29, 2019. Petitioner received a unified sentence of five years with one and one-half years fixed. Petitioner pursued a direct appeal, as well as state postconviction remedies, but he did not obtain relief. Dkt. 1 at 1–5.

Petitioner also states that he has a current appeal pending before the Idaho Supreme Court. *Id*. at 13. Though the Petition does not describe that appeal, this Court's research reveals that Petitioner may be appealing the trial court's denial of Petitioner's motion for credit for time served. *See State v. Allen*, Bonneville County Case No. CR10-18-12236, *available at* https://icourt.idaho.gov/ (accessed May 21, 2020).

## 3. Discussion

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors

---

[1] An *Alford* plea is the equivalent of a guilty plea, the only difference being that the defendant is not required to expressly admit guilt. *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (holding that it is constitutionally permissible for a court to accept and sentence an individual upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty.").

INITIAL REVIEW ORDER - 2

at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

Before the enactment of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the United States Supreme Court held that federal courts can adjudicate a habeas petition only if all of the claims in that petition are exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). This doctrine of "total exhaustion" requires that a district court dismiss, without prejudice, any habeas petition that included even one unexhausted claim. *Id.* Once the petitioner exhausts the unexhausted claims in state court, he can return to federal court and file a new habeas petition.

The total exhaustion requirement became problematic with the passage of AEDPA, which not only preserved that requirement, but also imposed a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d). As the Supreme Court later observed,

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Rhines v. Weber*, 544 U.S. 269, 275 (2005).

INITIAL REVIEW ORDER - 3

To address this problem, the Supreme Court held in *Rhines* that a federal district court has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court for review of his perfected petition. *Id*. at 277. The Ninth Circuit has since extended the holding in *Rhines*, so that the "stay-and-abeyance procedure is not limited to mixed petitions, and a district court may stay a petition that raises only unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) (emphasis added).

At least one of Petitioner's claims in this action—a claim based on denial of credit for time served, *see* Dkt. 1 at 12—appears to remain pending in the Idaho Supreme Court. If that is the case, the Petition is not completely exhausted, meaning it contains both exhausted and unexhausted claims. A petitioner in that situation can avoid dismissal for lack of total exhaustion only if the petitioner (1) amends the petition so that it asserts only exhausted claims, or (2) files a motion for a stay under *Rhines*.

Therefore, Petitioner will be required to supplement his Petition with additional information, specifically describing his current state-court appeal and the claims he is asserting in that appeal. If one of those claims is also a claim that is asserted in this action, Petitioner will also be required either to amend his Petition, to eliminate any unexhausted claims, or to file a motion for a *Rhines* stay.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice. If it appears appropriate at a later date, the Court will reconsider appointing counsel.

2. Within 60 days after entry of this Order, Petitioner must file a supplement to his Petition as described above. If the Petition is not fully exhausted, Petitioner must either (1) amend his Petition to eliminate any unexhausted claims or (2) file a motion for a *Rhines* stay, also within 60 days. If Plaintiff does not do so, this case may be dismissed for failure to prosecute or failure to comply with a Court order. *See* Fed. R. of Civ. P. 41(b); Habeas Rule 12. Dismissal in this manner would operate as an adjudication on the merits and would prevent Petitioner from re-filing a federal habeas corpus petition challenging the same conviction or sentence.

DATED: June 3, 2020

Honorable Candy W. Dale
United States Magistrate Judge